114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio A. DIAZ, Plaintiff-Appellant,
v.
Daniel R. McBRIDE, et al., Defendants-Appellees.
 No. 94-3184.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 15, 1997.
Decided May 21, 1997.
 
 Before FLAUM, EASTERBROOK and EVANS, Circuit Judges.
 
 Order
 
 1
 We deferred action on this case pending the Supreme Court's decision in Edwards v. Balisok, No. 95-1352 (May 19, 1997), which enables us to make short work of matters.
 
 
 2
 An administrative panel at the prison where Diaz is confined concluded that he possessed marijuana and deprived him of 90 days' good time credits. The board also demoted him to a class in which future credits would accumulate more slowly. Diaz then filed this suit under 42 U.S.C. § 1983. Edwards shows that the suit is untenable. Edwards applies Heck v. Humphrey, 512 U.S. 477 (1994), to § 1983 suits arising out of prison discipline, and in particular to suits seeking damages on account of proceedings leading to the loss of good-time credits. Edwards further holds that a prisoner may not avoid Heck by limiting his challenge to the procedures the prison adjudicators used, or by contending that the witnesses and panel members were biased against him. All of these theories call into question the validity of the board's decision, and under Edwards and Heck any line of argument with that effect fails to state a claim--unless the decision of the court or board has already been set aside on direct appeal, on collateral attack, or by executive clemency, which this decision has not.
 
 
 3
 A few of Diaz's claims do not implicate the validity of the disciplinary action. Some of them avoid Heck only by failing to state claims in the first place. For example, the argument that one or more shakedown searches messed up his cell does not get past the holding of Hudson v. Palmer, 468 U.S. 517, 526-30 (1984), that prison inmates lack privacy interests that they can use to object to the fact or manner of searches. The contention that a guard "left Diaz to face retaliation in dorm ten after Diaz complained of [drug] dealing by officers" does not either articulate a legal theory or explain the nature of the ensuing injury (except, perhaps, the discipline that eventuated when the board concluded that Diaz, not the guard, was the drug user or dealer). Other theories do state claims, but encounter independent obstacles. Diaz contends, for example, that during a shakedown search a guard lost or stole a watch, necklace, and rings from his cell or locker. For claims of this sort, state law provides the process that is due. See Hudson, 468 U.S. at 530-36; Parratt v. Taylor, 451 U.S. 527 (1981). Indiana's courts provide remedies for the loss or theft of property.
 
 
 4
 All that remains, to wrap up the case, is to state that the district court did not abuse its discretion when denying Diaz's motion for a default judgment.
 
 
 5
 The district court dismissed Diaz's claims with prejudice. When Heck, Edwards, and Parratt apply, however, the appropriate dismissal is without prejudice--without prejudice to a tort suit in state court concerning the lost or stolen property ( Paratt ), and without prejudice to renewal under § 1983 in federal court if a collateral attack should annul the decision canceling the good time credits ( Heck and Edwards ). The judgment is modified to show that the dismissal of these claims is without prejudice, and as so modified is
 
 
 6
 AFFIRMED.